UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JEREMY JANTILE BURTON, | Case No. 24-CV-4021 (PJS/LIB) |
| Plaintiff, | |
| v. | |
| | ORDER |
| COUNTY OF MILLE LACS; JOE WALSH; MICHAEL DEITER, tribal police; 3 JOHN DOES; STATE OF MINNESOTA, | |
| Defendants. | |

---

Plaintiff Jeremy Burton brought this lawsuit against defendants after his state convictions of criminal sexual conduct and kidnapping were reversed on appeal. *See Minnesota v. Burton*, No. A21-1272, 2022 WL 6272047, at *1 (Minn. Ct. App. Oct. 10, 2022). The matter is before the Court on Burton's objection to the January 3, 2025, Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. Judge Brisbois recommends dismissing the complaint without prejudice. After conducting a de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), the Court overrules the objection and adopts the R&R.

Burton does not make any specific objections to the R&R. *See* LR 72.2(b)(1). Instead, the objection (improperly) attempts to supplement the sparse factual

allegations in the complaint.[1] Burton does make clear, however, that "the legal basis" for this action is Minnesota's Incarceration and Exoneration Remedies Act, Minn. Stat. §§ 611.362–.368. *See, e.g.*, Obj. at 2, ECF No. 12 ("The legal basis of Mr. Burton's lawsuit falls under the *Order Determination Eligibility for Compensation Based on Exoneration* Minnesota statute §590.11."); Obj. at 5 ("The Plaintiff is seeking . . . compensation based on his exoneration under Minnesota incarceration and exoneration remedies act (Minnesota statute 611.362 to 611.368)."). As the R&R points out, the Court lacks jurisdiction to entertain Burton's exoneration-compensation claim. Burton's complaint is therefore dismissed without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's application to proceed *in forma pauperis* [ECF No. 8] is GRANTED.

    a. Plaintiff must pay the unpaid balance ($273.80) of the statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2).

    b. The Clerk of Court is directed to provide notice of this requirement to the authorities at the institution where plaintiff is confined.

---

[1] Even considering these additional allegations, Burton still fails to specify how exactly the named plaintiffs injured him.

2.  The complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 11, 2025

                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court